IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALDEZ LAMONT JORDAN, #B29482, ) <br> ) <br>        **Plaintiff,**       ) <br> ) <br> vs.       ) <br> ) <br> JOHN BARWICK, ) <br> CHRISTINE BROWN, ) <br> PERCY MYERS, and ) <br> BOB PLUM, ) <br> ) <br>        **Defendants.**      ) | Case No. 24-cv-02125-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff Valdez Lamont Jordan's Motion for Emergency Preliminary Injunction, filed September 4, 2024, along with his Complaint (Doc. 2). Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, seeks a referral to a specialist for diagnosis of his longstanding painful throat condition. Since June 2022, Plaintiff has had difficulty swallowing, throat pain, and a feeling that something was stuck in his throat. Since November 2023, he has had ongoing gnawing stomach pain, and more recently has developed ear pain.[1]

At the Court's direction, Warden Barwick, in his official capacity, responded to the motion for injunctive relief (Doc. 27). For the reasons below, Plaintiff's request for preliminary injunctive relief is **GRANTED**.

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his underlying case

---

[1] Plaintiff's case is proceeding on the following claim: Eighth Amendment deliberate indifference to serious medical needs claim against Barwick, Brown, Myers, and Plum for delaying and denying adequate medical care and diagnostic referrals for Plaintiff's severe and painful throat and stomach symptoms (Doc. 11, p. 4).

1

has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those elements are established, the Court must weigh the "balance of harm to the parties if the injunction is granted or denied and evaluate the effect of an injunction on the public interest. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

The above-referenced factors weigh in favor of granting preliminary injunctive relief to Plaintiff. Based on Plaintiff's verified Complaint, Barwick's response, and the medical records submitted, the Court finds that Plaintiff has demonstrated a "better than negligible" chance of succeeding on the merits of his claims. *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (citation omitted). Plaintiff has pled a meritorious Eighth Amendment medical deliberate indifference claim for denial and delay of adequate medical care and diagnostic referrals for his severe, persistent, and longstanding painful throat and stomach conditions. Plaintiff's feeling of an obstruction in his throat and his ongoing pain are indicative of a serious health condition, and he has not received diagnostic tests or effective treatment. Moreover, the medical records suggest an ongoing violation of Plaintiff's constitutional rights (Docs. 27, 27-1).

Plaintiff's medical providers recommended in February 2024 that he undergo a colonoscopy, and in May 2024 an EGD[2] was recommended, however, these tests have not yet been performed (Doc. 27, pp. 6-7). Some delay resulted from the need for a cardiology clearance and the cancellation of the first cardiology appointment (Doc. 27, p. 6). However, Plaintiff was cleared by cardiology for these procedures by June 5, 2024, at the latest. *Id.* His June 7, 2024,

---

[2] Esophagogastroduodenoscopy (EGD) is a test to examine the lining of the esophagus, stomach, and first part of the small intestine (the duodenum).
Https://medlineplus.gov/ency/article/003888.htm#:~:text=Esophagogastroduodenoscopy%20(EGD)%20is%20a%20test,small%20intestine%20(the%20duodenum). (last visited Oct. 10, 2024)

2

medical records show that Plaintiff "had an EGD/colonoscopy pending" at that time (Doc. 27, p. 6; Doc. 27-1, p. 220). The same "pending" notation was made on June 24, 2024 (Doc. 27, p. 7; Doc. 27-1, pp. 224-25). Plaintiff's most recent medical records, from September 24, 2024, and October 3, 2024, reflect that he continued to complain of the feeling that something was stuck in his throat, as well as throat and ear pain (Doc. 27-1, pp. 312-315). Neither the medical records nor Defendant Barwick's response suggests that the EGD or colonoscopy have been scheduled, let alone performed, despite the passage of over four months since these tests were approved and the persistence of Plaintiff's serious symptoms.

Based on these undisputed facts, Plaintiff has no adequate remedy at law and will suffer irreparable harm should this Court not issue a preliminary injunction requiring the defendants to expeditiously schedule him for the tests which Plaintiff's medical providers approved months ago. *See Hoban v. Wexford Health Sources, Inc.*, 731 F. App'x 530, 532 (7th Cir. 2018).

The Court concludes that the balance of equities weighs in favor of a preliminary injunction in this case. Further, the "public has a strong interest in the provision of constitutionally-adequate health care to prisoners." *Flynn v. Doyle*, 630 F. Supp. 2d 987, 993 (E.D. Wis. Apr. 24, 2009). *See also United States v. Raines,* 362 U.S. 17, 27 (1960). The Court finds that the requested relief comports with the Prison Litigation Reform Act's requirement that injunctive relief be "narrowly drawn" and "extend no further than necessary to correct the harm." 18 U.S.C. § 3626(a). Accordingly, Plaintiff's Motion for Emergency Preliminary Injunction (Doc. 2) is **GRANTED**.

### PRELIMINARY INJUNCTION

Pursuant to Federal Rules of Civil Procedure 65(a) and (d), Defendants are **HEREBY ORDERED** to schedule the appointments, within **14 days** of the date of this Order, for Plaintiff to undergo the EGD and colonoscopy procedures at the earliest available dates.

**DEFENDANTS ARE FURTHER ORDERED** to file a written notice on or before **October 30, 2024**, advising the Court of the date(s) and time(s) of Plaintiff's appointment(s) to undergo the EGD and colonoscopy; Defendants shall advise the Court in the event of any change in an appointment date or time, indicating all steps taken to reschedule the appointment and all steps taken to ensure compliance with this Order.

**DEFENDANTS ARE FURTHER ORDERED** to file a written notice (attaching all relevant medical records and documentation) within fourteen (14) days after each EGD/colonoscopy procedure, advising the Court what, if any, diagnoses result from the procedures, any recommended treatment plan(s) for Plaintiff, and all steps taken to implement the plan(s) for treatment of his throat condition, stomach pain, and related symptoms.

Finally, pursuant to *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019), the Court will enter the terms of the preliminary injunctive relief set forth above in a separate document.

**IT IS SO ORDERED.**

**DATED:  October 16, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**